**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Robert Michael STEVENSON,**
Respondent.

No. 2000–SC–0070—KB.

Supreme Court of Kentucky.

June 15, 2000.

Bruce K. Davis, Executive Director, Jane H. Herrick, Kentucky Bar Association, Frankfort, for Complainant.

Robert Michael Stevenson, Louisville, for Respondent.

## OPINION AND ORDER
## OF SUSPENSION

Robert Michael Stevenson, of Louisville, Kentucky, was charged with four counts of misconduct by the Inquiry Tribunal. He filed no response to the service of the charges and pursuant to SCR 3.210(1), the matter was submitted to the Board of Governors as a default case. The Board found Stevenson guilty of all charges and imposed a five-year suspension. No appeal was filed and the matter stands submitted to this Court.

All four charges arise from Stevenson's representation of a single client. In September of 1996, Stevenson was retained to dissolve a corporation. He accepted a total of $1,600.00, paid by way of three money orders over a three-month period. His client had difficulty reaching Stevenson following the payment of the retainer, but, some two years later, hired Stevenson to assist in the probate of a will. Although Stevenson told the client that the probate would take three months to complete, after nine months no progress had been made. By checking with the clerk's office, the client found the will had not been admitted to probate and there was no open case. Despite the client's numerous attempts to contact Stevenson to determine the status of his corporate matter, as well as the estate action, he received no information. Stevenson failed to take action on either, and did not return many of his client's phone calls. As of submission of this disciplinary proceeding to the Board of Governors, neither legal matter had been resolved.

The charges against Stevenson are as follows:

1. Failure to act with reasonable diligence in pursuing a matter for his client, specifically, the failure to dissolve the corporation or to submit the will to probate, in violation of SCR 3.130–1.3, which requires a lawyer to "act with reasonable diligence and promptness in representing a client."

2. Failure to keep "a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information," in violation of SCR 3.130–1.4(a), by failing to keep his client informed about the status of his cases and by otherwise failing to respond to his client's repeated requests for information.

3. Engaging in "conduct involving dishonesty, fraud, deceit or misrepresentation," in violation of SCR 3.130–8.3(c), by leading his client to believe he was proceeding to address the corporation dissolution issue, and by leading his client to believe he had submitted the will to probate and that the probate case was pending in Jefferson County.

4. Knowingly failing to "respond to a lawful demand for information from an admissions or disciplinary authority" in violation of SCR 3.130–8.1(b), by his complete failure to respond to the properly served complaint and other correspondence served upon him by the Kentucky Bar Association.

Having reviewed the record, and taking note of the fact that Stevenson has a record of prior discipline, consisting of a temporary suspension beginning in July of 1999, a 90–day suspension beginning in September of 1999, a 181–day suspension beginning in October of 1999, and a five-year suspension beginning in February of 2000, we accept the discipline imposed by the Board of Governors.

WHEREFORE, IT IS ORDERED that Respondent, Robert M. Stevenson, is hereby suspended from the practice of law in

Kentucky for the period of five years from the date of entry of this order, and until such further time as he is reinstated by order of the Court pursuant to SCR 3.510.

In accordance with SCR 3.450, Respondent is directed to pay all costs associated with this disciplinary proceeding against him, said sum being $73.85, and for which execution may issue from this Court upon finality of this order.

Pursuant to SCR 3.390, Respondent shall, within ten (10) days from the entry of this order, notify all clients in writing of his inability to represent them and furnish copies of said letters of notice to the Director of the Kentucky Bar Association. He shall also provide such notification to all courts in which he has matters pending.

ADD VOTE.

ENTERED: June 15, 2000.

/s/ Joseph E. Lambert
CHIEF JUSTICE.